IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN ROBERSON,

    Plaintiff,                  No. CIV S-04-0772 DFL KJM P

    vs.

F. BATES,

    Defendant.                 FINDINGS & RECOMMENDATIONS

                              /

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. He alleges that defendant Bates refused to treat his chemical burns, a refusal that rendered the subsequent medical care for these injuries ineffective.

        Defendant has filed a motion to dismiss or to strike, alleging that plaintiff failed to exhaust his administrative remedies and that the claim has previously been raised in Roberson v. Briddle, CIV-S-03-0645 LKK JFM P, which is still pending in this court.

I. Procedural Background

        On March 1, 2003, plaintiff filed Roberson v. Briddle, CIV-S-03-0645 LKK JFM P, alleging that on September 3, 2002 correctional officers Huff and Hollingsworth provided him with a toxic chemical to use for cleaning his cell. Although the substance burned his arm, Huff and Hollingsworth directed plaintiff to finish stripping the wax from his cell. Compl.

(CIV-S-03-0645) ¶¶ 15-31.  He asked Bates, a medical technician, to look at the burns.  Bates told plaintiff the injuries did not appear to be chemical burns and then refused to process plaintiff's request for medical care.  Id. ¶¶ 33-34.

On December 17, 2003, the magistrate judge in plaintiff's 2003 case filed findings and recommendations, recommending that the claim as to defendant Bates be dismissed without prejudice for plaintiff's failure to exhaust administrative remedies.  12/17/03 Findings (CIV-S-03-0645) at 4.  The district court adopted these findings and recommendations in an order filed January 22, 2004.

On December 23, 2003, plaintiff submitted a grievance concerning defendant Bates' actions on September 3, 2002.  Compl. (CIV-S-04-0772), Ex. A.  This grievance was rejected as untimely.  Id.  Plaintiff then attempted to secure a third level decision, but the grievance was returned to him because he had not completed the second level of review.  Id., Ex. B.  He filed the instant complaint on April 19, 2004.

On December 20, 2004, the magistrate judge in the 2003 case filed findings and recommendations, recommending that  the summary judgment motion filed by defendants Mayo, Huff and Hollingsworth be granted.  The district court rejected a portion of those findings and returned the case to the magistrate judge for further proceedings on plaintiff's claim that defendants Huff and Hollingsworth were deliberately indifferent to plaintiff's safety by requiring him to continue to work with toxic chemicals for twenty to thirty minutes after they were notified he had suffered a chemical burn.  5/19/05 Order (CIV-S-03-0645) at 4.  As the district court described it:

> The gravamen of his claim therefore concerns the defendants'
> decision to expose him to the risk of suffering additional burns for
> a duration of 20 to 30 minutes.

Id. at 5:1-3. The parties have filed pretrial statements, but a trial date has not yet been set.  See Roberson v. Briddle, CIV-S-03-0645, docket nos. 107, 108, 113.

/////

II. <u>Exhaustion Of Administrative Remedies</u>

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). It is defendant's burden to show that plaintiff failed to exhaust. <u>Id</u>. In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Id</u>. at 1120. If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. <u>Id</u>.

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. <u>See</u> Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims, Cal. Code Regs. tit. 15, § 3084.5, unless it is shown that administrative exhaustion is unavailable as a remedy. All available steps must be completed before a civil rights action is filed; exhaustion during the pendency of the litigation will not save an action from dismissal. <u>McKinney v. Carey</u>, 311 F.3d 1198, 1200 (9th Cir. 2002).

In <u>Ngo v. Woodford</u>, 403 F.3d 620, 625 (9th Cir. 2005), the Ninth Circuit recently held that an inmate has exhausted all available remedies even when a grievance is rejected as time-barred because no further level of appeal remains available in the prison grievance system.

/////
/////
/////
/////

The court noted:

> It is for the prison to decide whether to exercise its discretion and accept or refuse the opportunity to hear the case on the merits regardless whether the grievance is timely filed. In this case, the Appeals Coordinator *could* have considered Ngo's appeal; she was authorized to do so by the grievance regulations, but elected not to.

Id. at 629 (emphasis in original). The court found that Ngo exhausted all available administrative remedies when his grievance was rejected as time-barred and no further level of appeal remained open to him. Id. at 631.

In this case, as well, plaintiff's grievance was rejected as time-barred, even though the appeals coordinator could have exercised discretion to consider it. Accordingly, defendant has not borne his burden of demonstrating plaintiff's failure to exhaust administrative remedies.

III. <u>Motion To Strike</u>

Defendant relies on Federal Rule of Civil Procedure 12(f) to argue that the court should strike the complaint as "redundant of other active litigation." Motion to Dismiss (MTD) at 4. Rule 12(f) allows a court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored. <u>See</u> <u>Rosales v. Citibank</u>, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

A claim is redundant within the meaning of the rule if it relies on "identical allegations of fact and law." <u>Aramony v. United Way of America</u>, 949 F. Supp. 1080, 1084 n.2 (S.D.N.Y. 1996). Although the claims in the instant case and in CIV-S-03-0645 are grounded in the Eighth Amendment's proscription against deliberate indifference to an inmate's safety, the factual underpinnings are different: the instant case alleges a failure to treat or otherwise to secure medical care for plaintiff's burns, while CIV-S-03-0645 flows from the risk plaintiff would suffer additional burns when compelled to continue working with a product that had already burned him. Although the claims are related, to be sure, they are not redundant.

IT IS HEREBY RECOMMENDED that defendant's November 5, 2004 motion to dismiss be denied.

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 23, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2
robe0772.57