IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN ROBERSON,

      Plaintiff,                    No. CIV S-04-0772 DFL KJM P

   vs.

F. BATES,

      Defendant.               ORDER

_____/

      Plaintiff is a prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. On January 11, 2006, he filed a motion to compel three categories of discovery. Defendant Bates has opposed the motion.

A. <u>Defendant Bates' Response To First Set Of Interrogatories</u>

      Plaintiff contends he mailed a first set of interrogatories on November 3, 2005, but as of the time of the filing of this motion, had not received a response. Motion To Compel (Mot.), Ex. A. Defendant counters that the answers were served on December 19, 2005 and that, as a matter of courtesy, he provided a copy of the answers on January 11, 2006, in response to plaintiff's letter. Opp'n, Ex. A. Plaintiff has not disputed this claim. Accordingly, because the record reflects the answers were provided, this aspect of his motion will be denied.

/////

1

B. Request Six Of The First Request For Production

In request six of his first request for production of documents, plaintiff asked defendant Bates to produce "any documents reports affidavits or declarations defendants plan to offer at trial." Defendant objected on the ground that the request is premature: witnesses have not yet been identified and no affidavits or declarations have been prepared. Mot., Ex. B at 5.

It appears defendant's reading of the request for production is correct, and that plaintiff is seeking early production of any evidence defendant intends to present at trial. Should the case proceed to trial, the exchange of exhibits will be covered by this court's pretrial order. The request is premature and thus this aspect of plaintiff's motion will be denied.

C. Copy Of Plaintiff's Deposition Transcript

Finally, plaintiff asks the court to compel defendant to provide a copy of the transcript of his deposition, taken on November 22, 2005.[1]

The federal courts uniformly have held that even an indigent, imprisoned litigant must bear his own costs of litigation. Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) (no statutory authority for payment of costs of deposition transcript for indigent); Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (no authority for court to pay witness fees for indigent); Johnson v. Hubbard, 698 F.2d 286, 288-90 (6th Cir. 1983) (no constitutional or statutory authority to provide fees for deposition transcripts); Rivera v. DiSabato, 962 F.Supp. 38, 40 (D.N.J. 1997) (court cannot compel opposing party to provide deposition transcript to indigent defendant; "plaintiff's obligations, even as indigent litigant, to finance his own litigation expenses cannot be arbitrarily thrust upon defendants"). Plaintiff has offered no reason for this court to depart from the settled rule.

This aspect of his motion will be denied as well.

/////

---

[1] Plaintiff should have received a review copy of the transcript for use in identifying transcription errors, and thus should be aware of the transcript's contents. See Opp'n, Ex. E at 8.

2

1   IT IS HEREBY ORDERED that plaintiff's January 11, 2006 motion to compel
2 discovery is denied.
3 DATED: January 31, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
robe0772.mtc