IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN ROBERSON,

      Plaintiff,                      No. CIV S-04-0772 DFL KJM P

    vs.

F. BATES,

      Defendant.                   ORDER

_____/

       Plaintiff is a state prison inmate proceeding pro per with a civil rights action under 42 U.S.C. § 1983. Plaintiff has filed a motion for the appointment of counsel and a motion for leave to file an amended complaint. Both plaintiff and defendant have filed motions to compel discovery.

I. Motion For The Appointment Of Counsel (Docket No. 34)

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In

/////

the present case, the court does not find the required exceptional circumstances.  Plaintiff's motion for the appointment of counsel will therefore be denied.

II. Motion To Amend The Complaint (Docket No. 39)

On March 27, 2006, plaintiff filed a motion for an order permitting him to file an amended complaint, along with the proposed amended complaint.  Defendant has opposed the motion.

Plaintiff's original complaint is based on defendant Bates's alleged failure to treat plaintiff for chemical burns in September 2002, in violation of plaintiff's Eighth Amendment rights.  The proposed first amended complaint concerns confiscation of property and restrictions on law library access during 2005 and 2006, allegedly in retaliation for plaintiff's pursuit of this case and the case of Roberson v. Briddle, Civ. No. S-03-0645 JFM P.

Although leave to amend a complaint under Fed. R. Civ. P. 15 (a) should be given freely, a request may be denied when the amendment will delay the proceedings, Premo v. Martin, 119 F.3d 764, 772 (9th Cir. 1997), and when the amendment seeks to add new claims unrelated or related only tangentially to the original allegations, National Treasury Employees Union v. Helfer, 53 F.3d 1289, 1295 (D.D.C. 1995) (tangential relationship); Lopez v. Smiley, 375 F.Supp.2d 19, 30 (D.Conn. 2005) (proposed retaliation claim not related to claim of assault by prison guard).  These rationales have added force when motions for summary judgment are pending and would be undermined by the rescheduling necessitated by the filing of a new complaint.  Stiller v. Colangelo, 221 F.R.D. 316, 317 (D.Conn. 2004).  Finally, a denial of leave to amend may be appropriate when the denial will not prevent plaintiff from having his additional claims heard.  Id.

Based on these considerations, the court will deny the motion.  The gravamen of the proposed new complaint is only tangentially related to the underlying Eighth Amendment claim, the parties already have filed motions for summary judgment, and plaintiff may pursue his retaliation claims in a new lawsuit even if this case is decided adversely to him.

III. <u>Motions To Compel</u>

        A. <u>Plaintiff's Motion To Compel (Docket No. 27)</u>

Plaintiff contends that defendant Bates' answers four through six, twelve and sixteen in plaintiff's first set of interrogatories are evasive and incomplete.

In his opposition, Bates contends that he believed interrogatory four was the same as interrogatory one, but realized they were not as he re-read the two questions. He has provided an amended answer to interrogatory four.

Interrogatory five asks whether Bates passed out evening medications to inmates in building four on September 3; defendant Bates interposes a number of objections, but then says he has no recollection of doing so. He also notes that if there were any records, they might be in plaintiff's medical file. Defendant has answered the question propounded to him and has suggested a potential source of the information plaintiff seeks. Plaintiff's dissatisfaction with the answer is not a reason to compel discovery. <u>Usery v. Brandel</u>, 87 F.R.D. 670, 685 (W.D. Mich. 1980).

Interrogatory six asks whether correctional officers notified Bates of inmates' complaining about chemical burns. After listing his objections, Bates replies that he does not recall the specific date or whether correctional officers reported inmate complaints of burns; he indicates he does recall talking to an inmate about chemical strippers, but does not recall the date or the specifics of the conversation. There is no basis for an order compelling a further reply. <u>Usery</u>, 87 F.R.D at 685.

Interrogatory twelve asks whether Bates filed any injury reports in connection with the incident underlying the complaint. After a string of objections, Bates responds again that he does not recall and refers plaintiff to his medical records as a possible source of information. Here again, defendant has answered plaintiff's question. A failure to recall an incident three years earlier is not necessarily an evasive response and plaintiff has not otherwise demonstrated.

Interrogatory sixteen asks "as a medical technical assistance [sic] is there any treatment you could provide or get approved for an inmate who has sustained chemical burns." After objections, Bates replies "the treatment I could provide as an MTA would depend on the particular injury, if any, due to a chemical burn." Plaintiff's open-ended question secured an open-ended response. The court will not deem the answer evasive.

B.  Defendant's Motion to Compel (Docket No. 28)

In his first request for the production of documents, defendant asked plaintiff for any "diaries, writings or memorializations describing any element of the events complained of in this action. . . ." Plaintiff replied that he was out to court at the time he responded to the request, and did not have access to his property. Defendant asserts that plaintiff has not been provided with the requested documents even though plaintiff has been returned to High Desert State Prison.

In his third request, defendant asked for affidavits, declarations or statements from any persons describing complaints concerning the level of medical care provided by Bates. Plaintiff again replied that he was out to court and so could not obtain signatures from other inmates pursuing medical claims against defendant Bates. He did produce a declaration from inmate Eugene Jones, who was plaintiff's cell mate.

In opposition, plaintiff notes that he cannot respond because his property was lost when he was out to court, litigating Roberson v. Briddle, Civ. No. S-03-0645 JFM P.

As part of his reply, defendant attaches portions of plaintiff's deposition, taken on November 22, 2005, in which plaintiff describes a two page diary he prepared about the events complained of in the complaint and an affidavit from his cell mate, Eugene Jones.

Although defendant suggests that plaintiff is misleading the court, this record does not support such a finding. While plaintiff may have had the diary on November 22, 2005, his

trial in Roberson v. Briddle occurred on December 1.[1] Defendant has presented nothing suggesting that plaintiff's materials were not lost during December or otherwise shown that plaintiff possessed or used the diary during his trial. Similarly, in his response to defendant's request for the production of documents, plaintiff said he was attempting to obtain signatures of other inmates; once again, defendant has presented nothing suggesting that plaintiff was able to obtain signatures and is now withholding the statements.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's March 6, 2006 motion for the appointment of counsel (docket no. 34) is denied;

2. Plaintiff's March 27, 2006 motion to amend the complaint (docket no. 39) is denied;

3. Plaintiff's February 2, 2006 motion to compel (docket no. 27) is denied; and

4. Defendant's February 2, 2006 motion to compel (docket no. 28) is denied.

DATED: April 24, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2/mp
robe0772.31

---

[1] The court takes judicial notice of the docket in Roberson v. Briddle, Civ. No. S-03-645. United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980) (a court may take judicial notice of court records in another case).

5