IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN ROBERSON,

  Plaintiff,        No. CIV S-04-0772 DFL KJM P

 vs.

F. BATES,

  Defendant.       <u>FINDINGS & RECOMMENDATIONS</u>

_____/

   Plaintiff is a state prison inmate proceeding pro se with a civil rights action; he alleges that defendant Bates, a medical technician, denied him adequate medical care for a chemical burn, in violation of his Eighth Amendment rights. Both plaintiff and defendant have filed motions for summary judgment.

I. <u>Standards For Summary Judgment Motion</u>

   Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

/////

/////

/////

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could

1 return a verdict for the nonmoving party, see <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>T.W. Elec. Serv.</u>, 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See <u>Anderson</u>, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See <u>Matsushita</u>, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See <u>Richards v. Nielsen Freight Lines</u>, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), <u>aff'd</u>, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" <u>Matsushita</u>, 475 U.S. at 587 (citation omitted).

On September 3, 2004, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), <u>cert. denied</u>, 527 U.S. 1035 (1999); and <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988).

/////

1  II. <u>Defendant's Motion To Strike Plaintiff's Exhibits</u>

In support of his Statement of Undisputed Facts (PUF), plaintiff has offered a number of documents generated in discovery or in the summary judgment stage of <u>Roberson v. Briddle</u>, Civ. No. S-03-0645 LKK JFM P, a lawsuit based on the response of various correctional officers to plaintiff's chemical burns.[1] These include a declaration from Bryan Hollingsworth, PUF, Ex. A; Defendant Huff's responses to plaintiff's first set of requests for admissions, <u>id.</u>, Ex. B; a declaration from Eugene Jones, <u>id.</u>, Ex. C; a portion of plaintiff's deposition, <u>id.</u>, Ex. D; a copy of the first level response to plaintiff's initial grievance about the incident, <u>id.</u>, Ex. E; and a declaration of Malbour L. Watson, M.D., <u>id.</u>, Ex. G. Defendant argues that these documents "are hearsay as relating to the prior case." Def't's Opp'n to Pl.'s Mot. For Summ. J. (Def't's Opp'n) at 4-5. Defendant cites only rule 801 of the Federal Rules of Evidence as authority for his request that the documents be disregarded.

Under Federal Rule Civil Procedure 56(c), a court may consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any" in ruling on a motion for summary judgment. Rule 56(e) provides in part:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.[2] The court may permit

---

[1] This case is currently on appeal after a jury verdict for the defendants. <u>See</u> <u>Roberson v. Briddle</u>, Civ. No. S-03-0645 LKK JFM P (docket no. 159).

[2] Defendant has submitted an affidavit from a medical expert, which relies, in part, on the complaint and on plaintiff's medical records. The complaint, with its exhibits, including a single page of medical records from September 16, 2002, is attached to the affidavit, but the rest of the medical records are not. <u>See</u> Def't's Statement of Undisputed Facts (DUF), Decl. of S. Michael Roche, M.D. (Roche Decl.), Attach. A. Because of this failure to comply with the requirements of Rule 56(e), the court could decline to consider Dr. Roche's declaration. <u>Cermetek, Inc. v. Butler Avpak, Inc.</u>, 573 F.2d 1370, 1377 (9th Cir. 1978); <u>see also</u> <u>Smith v. Jenkins</u>, 919 F.2d 90, 93 (8th Cir. 1990) (suggesting the problems with granting a motion for summary judgment when the inmate's medical records have not been provided to the court). However, because the necessary records are attached to Dr. Watson's declaration, submitted by plaintiff, the court will

4

> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.

Fed. R. Civ. P. 56(e). Nothing in the rule supports defendant's claim that affidavits or discovery materials prepared in connection with another case cannot be used to support a motion for summary judgment. In fact, the case law suggests otherwise. For example, in <u>Amnesty America v. Town of West Hartford</u>, 361 F.3d 113, 131 (2d Cir. 2004), the Court of Appeal found the district court had properly relied on fourteen-year-old affidavits, prepared before plaintiff had filed suit, in ruling on a motion for summary judgment. In <u>Gulf USA Corp. v. Federal Ins. Co.</u>, 259 F.3d 1049, 1056 (9th Cir. 2001), the Ninth Circuit recognized that "deposition testimony may be used by or against a party on summary judgment regardless of whether the testimony was taken in a separate proceeding."

      Defendant's hearsay objection is similarly unavailing: an affidavit is by definition hearsay, whether prepared for this case or for another case, because the declarant makes his or her statements out of court rather than from the witness stand. Fed. R. Evid. 801. Nevertheless, the Federal Rules of Civil Procedure recognize affidavits as one building block of a motion in support of or opposition to summary judgment.

      Finally, defendant suggests that plaintiff cannot rely on Hollingsworth's report that he notified defendant Bates about plaintiff's burns on September 1 because this somehow contradicts plaintiff's complaint. Def't's Opp'n at 4. This argument is baseless. Nowhere does plaintiff claim any direct contact with defendant Bates on September 1; instead, he alleges he asked the correctional officers to secure some medical care for him. Compl. ¶ 6. This claim is

/////

---

consider Dr. Roche's declaration. <u>See</u> <u>Hal Roach Studios v. Richard Feiner and Company, Inc.</u>, 896 F.2d 1542, 1551 (9th Cir. 1990) (not error to consider uncertified document when other party's submission provided certification).

supported by Hollingsworth's recollection that he put defendant Bates on notice of plaintiff's allegations on the evening of September 1.  Hollingsworth Decl. ¶ 7.  There is no inconsistency.

Although defendant has not otherwise challenged plaintiff's evidence, plaintiff has not properly authenticated the portions of his deposition he has used in support of his motion. Orr v. Bank of America, NT & SA, 285 F.3d 764, 774 (9th Cir. 2002) (portions of deposition testimony properly authenticated by attaching the cover page of the deposition and the reporter's certification to every deposition extract submitted).  Accordingly, the court will not consider those portions of plaintiff's deposition in resolving the competing motions for summary judgment.  See PUF, Ex. D.

III. Statement Of Facts

On September 1, 2002, plaintiff used a chemical compound to strip wax off the walls of his cell.  Complaint (Compl.) ¶ 4; PUF, Declaration Of Eugene Jones (Jones Decl.) ¶ 2. The chemical caused a burn on his right forearm.  Compl. ¶ 5; PUF, Declaration of Malbour L. Watson, M.D. (Watson Decl.) ¶ 3 & Ex. A (Progress Note).  The Material Safety Data Sheet for the cleaner, "Super-Strip," notes that the compound is "HARMFUL TO SKIN: Causes severe skin damage or irritation with symptoms of pain, redness and chemical burns."  PUF, Ex. F.

Correctional officers "attempted several times to contact the MTA," on September 1 and eventually, later that evening, told MTA Bates that plaintiff was complaining of a burn. PUF, Declaration Of Bryan Hollingsworth (Hollingsworth Decl.) ¶ 7.  Nevertheless, plaintiff did not see any medical personnel until September 3, when defendant Bates came to the door of his cell.  Compl. ¶¶ 6- 8.  According to plaintiff, Bates said that the injury did not look like a chemical burn and refused to treat plaintiff or to arrange for treatment.  Compl. ¶¶ 8, 10.

On September 4, 2002, plaintiff came to the medical clinic, saying that he had been burned on September 1 and that the wound had been bleeding and weeping pus; he received triple antibiotic cream to prevent infection in the healing wound to his right forearm.  PUF, Watson Decl. ¶¶ 3-4 & Ex. B (Progress Note); see also DUF, Roche Decl. ¶¶ 5-6.

1  Plaintiff returned to the medical clinic on September 10, 2002, complaining of
2 nausea, chest pains and a loss of appetite; Dr. Watson noted that the burn to plaintiff's forearms
3 was healing and that his lungs were clear. PUF, Watson Decl. ¶ 5 & Ex. B; DUF, Roche Decl.
4 ¶ 7. By the follow-up visit on September 16, 2002, the burn on plaintiff's forearm had healed
5 and the "mild pain in his left chest with a dry cough" was deemed to be something that would
6 resolve with time. Watson Decl., ¶ 6 & Ex. C. Out of an abundance of caution, Dr. Watson
7 prescribed cough drops for plaintiff. Id.

IV. Medical Care And the Eighth Amendment

In Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable under section 1983 unless the mistreatment rose to the level of deliberate indifference to serious medical needs.

> In the Ninth Circuit, the test for deliberate indifference consists of two parts. First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain." Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care.

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations & quotations omitted); see also McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled in part on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir.1997). Deliberate indifference may occur when prison officials deny, delay, or intentionally interfere with medical treatment, or may be demonstrated by the way in which prison officials provide medical care. Id. at 1059-60. There is no Eighth Amendment violation, however, if any delay in treatment is not harmful. Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

Unnecessary continuation of pain may constitute the "harm" necessary to establish an Eighth Amendment violation from delay in providing medical care. McGuckin, 974 F.2d at 1062.

However, a showing of merely inadvertent or even negligent medical care is not enough to establish a constitutional violation. Estelle, 429 U.S. at 105-06; Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998). A difference of opinion about the proper course of treatment is not deliberate indifference nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Defendant argues that the burn did not constitute a serious medical need and that there was no deliberate indifference because plaintiff has not shown any harm from the delay in receiving treatment for the burn or any breathing difficulties. He relies on Dr. Roche's conclusions that the harm from a chemical burn would occur quickly and not two days later and that the passage of time between defendant's interaction with plaintiff and plaintiff's visit to the medical clinic was "medically insignificant." Roche Decl. ¶¶ 15-16.[3] Defendant thus has met his burden of pointing the court to an absence of evidence of harm from the delay in medical treatment. T.W. Elec. Serv. Inc., 809 F.2d at 633.

In his turn, plaintiff argues that the failure to treat him promptly has led to depression and psychological problems. Pl.'s Opp'n to Summ. J. (Pl.'s Opp'n) at 6-7; PUF, Ex. H (psychiatric records, showing plaintiff's complaint of depression because "he thought he was being denied his right").

The court need not resolve the question whether the burn - whether first or second degree - or the breathing problems constituted serious medical needs, because plaintiff has not shown any harm from the delay in treatment. This is so whether the delay is measured from

---

[3] The Roche Declaration as filed appears to omit a page, as paragraph 15 is preceded by paragraph 7.

Hollingsworth's first notice to defendant Bates on September 1 or from defendant's cursory examination of plaintiff on September 3.

In his verified complaint, plaintiff does allege that Dr. Watson said the lack of prompt treatment for the burn undercut the efficacy of further care. Compl. ¶ 12. This statement, however, is hearsay and inadmissible hearsay will not be considered a "fact" for the purposes of summary judgment. Courtney v. Canyon Television & Appliance Rental, Inc., 899 F.2d 845, 851 (9th Cir. 1990)[4]; see also Fed. R. Civ. P. 56(e) (expressly requiring that affidavits submitted in opposition to a motion for summary judgment be based on personal knowledge).

Moreover, even assuming Dr. Watson's statement was admissible, plaintiff has not suggested what the "effective treatment" would have been or how its absence harmed him. He has not shown that the injury caused permanent damage or even disfigurement and has not alleged that he was in pain as a result of the burn.

To the extent the complaint can be read as alleging that defendant Bates did not respond adequately to plaintiff's chest pains, see Compl. ¶ 13, plaintiff similarly has not borne his burden of demonstrating any disputed issue concerning the harm. Plaintiff has neither alleged nor shown permanent damage to his lungs or chest or any continuing impact on his breathing.

Plaintiff's attempt to rely on the depression following the response to the incident does not satisfy his burden of demonstrating harm. What plaintiff must show is that the delay led to a worsening of the condition for which he sought treatment. See Mata v. Saiz, 427 F.3d 745, 755 (10th Cir. 2005). He has not done so.

IT IS HEREBY RECOMMENDED that plaintiff's motion for summary judgment be denied and defendant's motion for summary judgment be granted.

//////

//////

---

[4] Courtney has been superseded by statute on grounds other than relied on here. See Burns v. Consolidated Amusement Co., 182 F.R.D. 609 (D. Haw. 1998).

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
6  shall be served and filed within ten days after service of the objections.  The parties are advised
7  that failure to file objections within the specified time may waive the right to appeal the District
8  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: June 8, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
robe0772.57